UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON, MA | CIVIL ACTION NO. |
| Veronica Dyer, as Administrator of and on behalf of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds,  ("**Ms. Dyer**") Plaintiff, | |
| v. | COMPLAINT |
| New England Building & Bridge Company, Inc. ("**NEBB**") Defendant, | |

### INTRODUCTION

1. Plaintiff, employee benefits funds Administrator Ms. Veronica Dyer ("Ms. Dyer"), sues seeking $47,586.06, plus other amounts ("Delinquent Amounts"). In accord with §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and (d)(l) and 1145 and § 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C.§ 185, Ms. Dyer seeks to collect contributions and interest that Defendant New England Building & Bridge Company, Inc. ("NEBB") owes pursuant to the terms of collective bargaining agreements referenced in the attached Exhibit A ("CBA") and other amounts that NEBB owes from a prior action's settlement agreement, attached hereto as Exhibit B ("2021 Settlement Agreement").

### JURISDICTION & VENUE

2. The Court has jurisdiction over this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and jurisdiction pursuant to § 301 of the LMRA, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as the CBA recites at ¶11: "The Parties consent and submit to the jurisdiction of the federal or state courts located in the Commonwealth of Massachusetts and expressly agree to Massachusetts as the exclusive forum for the bringing of any suit, action or other

1

proceeding arising out of their obligations hereunder and expressly waive any objection to venue and personal jurisdiction in such courts." NEBB also performs work in the judicial District of Massachusetts.

## PARTIES

4. Plaintiff Ms. Dyer is the Administrator and collection agent for the Ironworkers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds recited in the CBA (collectively "Funds"). She administers such Funds from a business office located at 161 Granite Avenue, Boston, Massachusetts.

5. Defendant NEBB is a Rhode Island corporation with a principal place of business located at 388 Veazie Street, Providence, Rhode Island. NEBB engaged as its registered agent, Edward Goff, 87 Cushing Road, Cohasset, MA 02025, and reported same to the Office of the Secretary of the Commonwealth of Massachusetts.

## FACTS

6. Defendant NEBB is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

7. The Funds include jointly-trusteed, multi-employer plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).

8. Ms. Dyer is an ERISA fiduciary. Specifically, and among her other ERISA fiduciary duties, She:

   a. Oversees all administrative functions of the Funds;
   b. Is responsible for timely and accurate adjudication and payment of ERISA governed employee benefits;
   c. Is responsible for the timely collection and oversight of employer contributions owed to the Funds, including coordination with legal counsel to ensure timely claims for lien and surety bond claims and to institute legal actions to collect delinquent contributions, like those claimed here;

    d. Is responsible for effectively communicating plan and policy changes to plan beneficiaries and participants and for developing communication with Funds' plan beneficiaries and participants;
    e. Decides ERISA beneficiary and participant eligibility decisions in the first instance for fund participants and beneficiaries who apply for such covered benefits;
    f. Approves and denies ERISA claims filed by ERISA plan beneficiaries and participants;
    g. Develops audit reports to various state and federal compliance agencies and boards;
    h. Is responsible for the cash control of the Funds, and for accurate reporting of such accounts and each of the ERISA fund's cash flow;
    i. Keeps possession and control of and oversees the actual bank and financial accounts containing the Funds' assets;
    j. Is the supervisor signatory who drafts and endorses checks from ERISA trust accounts for payments to various accounts payable;
    k. Oversees these accounts and supervises the cosigning of such checks with a subordinate employee under Ms. Dyer's direct employ as Administrator; and
    l. Receives from employers bound to CBAs ERISA and Non-ERISA contributions, which she collects, holds in trust in a bank holding account, and distributes these contributions to various entities recited in the CBAs, primarily ERISA funds.

9. NEBB executed and remains legally bound to the CBA. Exhibit A reflects a true and genuine copy of the CBA.

10. The CBA requires NEBB to, among other things, make ERISA and other contributions to the Funds for each hour worked by employees covered by the CBA ("Covered Employees").

11. By way of the CBA, NEBB agreed to pay interest on the ERISA delinquent benefit contributions and ERISA governed liquidated damages. Exhibit C (Delinquency Procedure Policy).

12. The CBA also mandates that NEBB submit weekly remittance reports ("Remittance Reports"), after each week NEBB performed work covered by the CBA ("Covered Work") and employed Covered Employees.

13. NEBB is a construction industry employer and as such performs Covered Work on many projects simultaneously primarily throughout Rhode Island, Massachusetts, and surrounding areas and obtains contracts for new projects regularly. As such NEBB moves Covered

Employees from project to project as NEBB deems appropriate for it to complete each project where it performs Covered Work.

14. For years, NEBB has been often delinquent in paying contributions for various and sundry Covered Work projects. NEBB has during this time paid contributions sporadically, and currently owes the Delinquent Amounts.

15. Covered Employees performed Covered Work, upon information and belief, on at least the following construction projects ("Projects") and NEBB owes at least $28,551.93, the amounts recited below and as shown on <u>Exhibit D</u> attached hereto:

   a. $17,682.54    146 Bridge Replacement, located at Route 146, Uxbridge, MA, due for labor performed through July 16, 2022; and

   b. $10,869.39    Matunuck Beach Road, located on Matunuck Beach Road, South Kingston, RI, due for labor performed through August 13, 2022.

16. To date, NEBB currently owes late payments interest to ERISA-related portions of the Funds in the amount of $4,034.13.

17. NEBB failed and refused to pay contributions it admits on the remittance reports that it sent to Ms. Dyer's Office, which report amounts it owes to the Funds and past due.

18. NEBB also owes $15,000 now due in accord with the 2021 Settlement Agreement.

19. Plaintiff is serving a copy of this Complaint upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C.§ 1132(h).

**COUNT I**
(ERISA, Ms. Dyer v. NEBB)

20. Plaintiff Ms. Dyer incorporates by reference here each of the above paragraphs.

21. Absent an Order from this Court, NEBB will continue to refuse and fail to pay the contributions timely and will incur increasing interest it owes to the Funds; the Funds' participants will be irreparably harmed.

22. The failure of NEBB to make payment of all ERISA contributions owed on behalf of all Covered Employees who performed Covered Work violates § 515 of ERISA, 29 U.S.C. § 1145.

23. This is an action by Ms. Dyer to recover the amounts owed by NEBB to the Funds and other amounts to become owed to the Funds through the date of the Judgment, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, all pursuant to the CBA and ERISA.

## COUNT II
(Breach of Contract, LMRA § 301, Ms. Dyer v. NEBB)

24. Ms. Dyer incorporates by reference here each of the above paragraphs.

25. The CBA is a contract within the meaning of § 301 of the LMRA.

26. The failure of NEBB to pay all contributions and interest owed on for labor performed by its Covered Employees violates the terms of the CBA.

27. The Funds, as third-party beneficiaries of the CBA, are entitled to recover the Delinquent Amounts and other amounts to become due through the date of the Judgment in this matter.

28. Absent an order from this Court, NEBB will continue to refuse and fail to pay the amounts it owes under the CBA to the Funds and their participants will be irreparably harmed.

## COUNT III
(2021 Settlement Agreement)

29. Ms. Dyer incorporates by reference here each of the above paragraphs.

30. NEBB executed the 2021 Settlement Agreement.

31. It obligates NEBB to pay an additional $15,000 if NEBB at any time whatsoever became more than 30 days delinquent in making any contributions owed to the Funds during the Period recited therein.

32. NEBB became, "during the Period … more than thirty (30) days or more" delinquent in making contributions owed to the Funds.

33. Ms. Dyer is entitled to collect the $15,000 recited in Paragraph 7 of the 2021 Settlement Agreement.

34. This is an action in to recover the additional $15,000 now due under the terms of the 2021 Settlement Agreement.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

a. Enter preliminary and permanent injunctions enjoining NEBB from performing Covered Work while refusing or failing to abide by the CBA's provisions regarding payment of ERISA contributions to ERISA funds recited in the CBA;

b. Enter a temporary restraining order, preliminary, and permanent injunctions enjoining NEBB from refusing or failing to make timely payment of ERISA contributions, interest, fees and damages owed to the Funds and from refusing or failing to provide timely weekly Remittance Reports for Covered Work performed;

c. Order the attachment of assets, including accounts receivable of Defendant NEBB;

d. Order NEBB to make immediately available to Ms. Dyer for the ERISA portion of the Funds and their fiduciaries, updated statements revealing all of NEBB's payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations performed during

the past two year period until the date of the Court's Order for the purpose of ascertaining the amounts, if any, of unpaid ERISA contributions for that period, and a complete list of all past, current, and Covered Work currently under contract to perform future projects, and a list of all accounts receivable due, and identify the entity that owes NEBB any receivable or other thing of value;

e. Enter judgment in favor of the Ms. Dyer for the Funds against NEBB for all Delinquent Amounts and other contributions owed and delinquent to the date of judgment, together with any additional amounts determined by the Court to be owed the Funds or which became due during the pendency of this action, plus interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C.§ 1132(g)(2) and the CBA; and

f. Such further and other relief as this Court may deem appropriate.

Plaintiff, Ms. Veronica Dyer, Funds Administrator,
By her and the Funds' attorney,

/s/ Mickey Long
Mickey Long BBO# 634388
P.O. Box E-1
193 Old Colony Avenue
Boston, MA 02127
TEL: (617) 269-0229
FAX: 617.765.4300
mickeylong@outlook.com

October 14, 2022